13-4581-cv
*Shumsker v. Citigroup Global Markets Inc.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand fourteen.

PRESENT:

BARRINGTON D. PARKER,
DEBRA ANN LIVINGSTON,
CHRISTOPHER F. DRONEY,

            *Circuit Judges.*

_____

LESLIE G. SHUMSKER,

            *Plaintiff-Appellant,*

    -v.-                                 No. 13-4581-cv

CITIGROUP GLOBAL MARKETS INC.,

            *Defendant-Appellee.*

_____

                                  MICHAEL B. COSENTINO, Wilchins Cosentino & Friend LLP, Wellesley, MA, *for Plaintiff-Appellant.*

                                  JANE B. O'BRIEN (BRAD S. KARP, Richard A. Rosen, Susanna M. Buergel, *on the brief*), Paul, Weiss Rifkind, Wharton & Garrison LLP, New York, NY *for Defendant-Appellee.*

1

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED.**

Appellant Leslie G. Shumsker ("Shumsker") appeals from a November 25, 2013 judgment of the United States District Court for the Southern District of New York (Stein, *J.*) granting Defendant Citigroup Global Market Inc.'s ("CGMI") motion to dismiss. The district court denied Shumsker's request for an enlargement of time to opt out of a class settlement of a securities class action brought on behalf of purchasers of Citigroup common stock during the period between February 26, 2007, and April 18, 2008, a case styled as *In re Citigroup Inc. Securities Litigation*, No. 07 Civ. 9901 (S.D.N.Y). We assume familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

* * *

On January 29, 2013, Shumsker filed the underlying action in the United States District Court for the District of Massachusetts, asserting claims against CGMI for common law fraud, negligent misrepresentation, misrepresentation, and violations of the Massachusetts Uniform Securities Act arising out of her investment in Citigroup common stock. While apparently still maintaining her individual claim, on February 7, 2013, Shumsker filed a proof of claim in the class action settlement described above. The Judicial Panel on Multidistrict Litigation proceeded to transfer Shumsker's individual action to Judge Stein in the Southern District of New York, where the consolidated class action was pending.

Prior to this, on August 29, 2012, Judge Stein had preliminarily approved a class settlement in the consolidated class action and stated that "any member of the Settlement Class who wishes to exclude himself . . . from the Settlement Class must request exclusion in writing" by December 6,

2

2012. The class action settlement notice was sent to Shumsker by the class action claims administrator and to Shumsker's counsel by CGMI's counsel. Shumsker failed to timely opt out. On January 7, 2013, one month after the deadline, the class action claims administrator received an untimely request via a January 2, 2013 letter from Shumsker's counsel that Shumsker be excluded from the class.

CGMI moved to dismiss Shumsker's individual complaint on July 22, 2013, principally for failure to state a claim on which relief could be granted because the complaint was barred by the district court's preliminary approval of the settlement class of which Shumsker was a member. Shumsker filed an opposition and requested that the district court allow Shumsker an enlargement of time to file her opt-out pursuant to Federal Rule of Civil Procedure 6(b). The district court granted CGMI's motion to dismiss and denied Shumsker's request for an enlargement of time.[*] Shumsker timely appealed.

* * *

We review a district court's denial of a request for an enlargement of time to opt out of a class action settlement for an abuse of discretion. *See, e.g., In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998). We grant district courts wide latitude and will reverse "only if we have 'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion that it reached upon a weighing of the relevant factors.'" *In re Am. Express Fin. Advisors Sec. Litig.*, 672 F.3d 113, 129 (2d Cir. 2011) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 362 (2d Cir. 2003)).

---

[*]The district court granted Shumsker leave to amend her complaint for claims arising after the end of the class period. Shumsker did not do so. As a result, on November 25, 2013, the district court issued a final judgment dismissing the complaint with prejudice in its entirety.

3

Under Rule 6(b) of the federal rules, a "court may, for good cause, extend the time" during which an action must be taken "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Supreme Court in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), provided four factors to consider when analyzing the equitable doctrine of excusable neglect: (i) "the danger of prejudice"; (ii) "the length of the delay and its potential impact on judicial proceedings"; (iii) "the reason for the delay, including whether it was within the reasonable control of the movant"; and (iv) "whether the movant acted in good faith." *Id.* at 395. We focus on the third *Pioneer* factor – namely, the reason for the delay. *See Silvanch*, 333 F.3d at 366.

Shumsker filed her opt-out form one month after the deadline and did not request leave to enlarge the time for her to file for seven additional months. The district court denied Shumsker's request for an enlargement, finding under the *Pioneer* factors that she failed to show excusable neglect for her late filing. Upon a review of the record, we find no error, much less clear error of judgment amounting to an abuse of discretion in this decision.

Beginning with *Pioneer*'s most important third factor, the district court correctly found that Shumsker failed to provide a satisfactory reason for her delay. Shumsker asserted two contradictory and unsatisfactory explanations for her failure to meet the deadline. Shumsker claimed that she "either . . . failed to understand" that she was required to opt out in order to maintain pending claims, "or Ms. Shumsker and her counsel genuinely believed the other was responsible for" sending the opt-out notice. As to the first explanation, the district court correctly found that the class action notice explained in plain English that failing to opt out would extinguish all claims, including pending claims. Shumsker's assertion that she was unable to understand the notice is additionally

4

unavailing because she was represented by counsel who had actual notice of the opt-out requirement. Shumsker's second explanation – that she and her counsel each thought the other was "responsible for confirming Ms. Shumsker's election to opt out" – fares no better. This explanation lacks plausibility as it is inconsistent with Shumsker's first explanation. It is also contradicted by her counsel's previous representation that Shumsker mistakenly "believed that she had timely filed a Request for Exclusion."

Our review of the district court's analysis of the remaining *Pioneer* factors also shows no abuse of discretion. Although CGMI does not contend that Shumsker lacked good faith, Shumsker's multiple-month delay in requesting an enlargement of time constituted a lengthy delay, and allowing a settlement class member to opt out would cause the defendant prejudice. We conclude that the district court's denial of Shumsker's request for an enlargement of time to opt out was not an abuse of discretion.

We have reviewed Shumsker's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk